IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BENJAMIN R. WOOTEN                                                                    PLAINTIFF


v.                                         Case No. 1:16-cv-1088


ENTERGY ARKANSAS, INC. and
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS (IBEW)
LOCAL 1703                                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 25, 2018, by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No.

56). Judge Bryant recommends that the Court grant two motions to dismiss (ECF Nos. 49, 52)

filed by Defendants. Plaintiff Benjamin R. Wooten has filed timely objections. (ECF No. 57).

The Court finds the matter ripe for consideration.

On March 6, 2017, Plaintiff filed an amended complaint in this action, asserting, *inter alia*,

claims of race and age discrimination against Defendants in violation of Title VII of the Civil

Rights Act of 1964; the Age Discrimination in Employment Act; as well as claims of wrongful

discharge, retaliation, breach of contract, and intentional infliction of emotional distress. On

December 1, 2017, the Court granted Plaintiff's counsel's motion to withdraw. (ECF No. 40). In

the same order, the Court advised Plaintiff that he would have thirty days to inform the Court of

new counsel or the Court would assume that Plaintiff is proceeding *pro se*.[1] On January 5, 2018,

the Court extended Plaintiff's time to find replacement counsel to February 5, 2018. (ECF No.

42). To date, Plaintiff has not informed the Court of new counsel.

---

[1] The Court also mailed a copy of the *pro se* manual to Plaintiff at his address of record.

On February 19, 2018, Defendant Entergy Arkansas, Inc. ("Entergy") filed a motion requesting a telephonic status conference, stating that Plaintiff has failed to respond to outstanding discovery requests. On March 7, 2018, Judge Bryant conducted a telephonic status conference with Plaintiff and defense counsel. Judge Bryant subsequently entered an order directing Plaintiff to respond to all outstanding discovery requests and provide potential deposition dates to Entergy by March 23, 2018, and that failure to do so may result in dismissal of this case. Judge Bryant also ordered that Plaintiff's deposition must take place by March 31, 2018.

On March 26, 2018, Entergy filed a motion to dismiss, stating that Plaintiff had not complied with the Court's order to respond to all outstanding discovery requests and provide potential deposition dates by March 23, 2018. (ECF No. 49). Entergy argued that in light of this fact, the Court should dismiss Plaintiff's case with prejudice for failure to obey a court order. On April 2, 2018, Defendant International Brotherhood of Electrical Workers (IBEW) Local 1703 filed a motion joining in Entergy's motion to dismiss. (ECF No. 52). On April 5, 2018, Plaintiff responded to Entergy's motion to dismiss, stating that he is still trying to obtain responsive documents and that he has requested telephone records from his telephone provider. (ECF No. 54). On April 5, 2018, Entergy filed a reply, stating that telephone records are only responsive to part of the outstanding discovery requests and that Plaintiff violated the Court's order directing him to respond to all discovery requests and provide potential deposition dates by March 23, 2018. (ECF No. 55).

On April 25, 2018, Judge Bryant issued the instant Report and Recommendation, recommending that the Court grant the motions to dismiss and dismiss Plaintiff's case without prejudice. Judge Bryant reasoned that Plaintiff failed to comply with the Court's March 8, 2018, order directing him to respond to all outstanding discovery requests and provide potential

deposition dates by March 23, 2018. Judge Bryant found further that the Court's March 8, 2018, order warned Plaintiff that failure to comply with the directive could result in dismissal of his case. Judge Bryant concluded that the Court should dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 41 and Local Rule 5.5. On May 7, 2018, Plaintiff filed timely objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections.

Plaintiff's objections are largely unresponsive to Judge Bryant's Report and Recommendation. Plaintiff states that his former counsel delayed the return of his file and charged him $10,000. He states further that he has attempted to obtain new counsel but none would help him due to time restraints. He also states that he has attempted to contact the Clerk's office in Texarkana but the office phone would not accept incoming calls from cell phones. Plaintiff concludes that the Court should not dismiss his case.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the

district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In this case, the Court entered an order directing Plaintiff to respond to all outstanding discovery requests and provide potential deposition dates by March 23, 2018. To date, Plaintiff has not done so and has not sought an extension of the court-imposed deadline. Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court finds that dismissal of this case is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

Upon *de novo* review of the Report and Recommendation, and the reasons discussed above, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. (ECF No. 56). Defendants' motions to dismiss (ECF Nos. 49, 52) are hereby **GRANTED IN PART AND DENIED IN PART**.[2] Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Although Judge Bryant recommended that the Court grant Defendants' motions to dismiss, he also recommended that the dismissal be without prejudice, rather than with prejudice as Defendants request.